FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   MAR 01 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATHANIEL KEITH WATTY,

                Plaintiff,

                **ORDER**
-against-                12-CV-2660 (SJF)(WDW)

ANDREW M. CUOMO, et al.,

                Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

On May 22, 2012, pro se plaintiff Nathaniel Keith Watty ("plaintiff") commenced this action against various New York State agencies and employees (the "state defendants") and plaintiff's ex-wife, Colleith Lee-Young, pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986, alleging violations of his rights under the Fourth, Fifth and Fourteenth Amendments. [Docket Entry No. 1] ("Compl.").[1] Plaintiff's claims arise from the enforcement in New York of an order entered in Georgia state court related to plaintiff's support obligations to Lee-Young. On October 10, 2012, the state defendants filed a motion to dismiss plaintiff's complaint. [Docket Entry No. 32].

Now before the Court is the Report and Recommendation (the "Report") of Magistrate Judge William D. Wall, dated October 11, 2012, recommending that the state defendants' motion be granted and plaintiff's complaint against the state defendants be dismissed with prejudice on the grounds that: (1) the Court lacks subject matter jurisdiction over claims against state agencies and state employees sued in their official capacities; and (2) to the extent plaintiff has asserted

---

[1] Plaintiff later amended his complaint to include New York City Mayor Michael Bloomberg and "motion clerk" Ira Sternberg. [Docket Entry No. 7], but has voluntarily dismissed them from the case. [Docket Entry Nos. 34, 35].

1

claims against state employees in their individual capacities, he has failed to state a plausible claim to relief. [Docket Entry No. 38]. Plaintiff filed a timely objection to the Report (the "Objection"). [Docket Entry No. 39]. For the following reasons, the Objection is overruled, and the Court adopts Magistrate Judge Wall's Report as an order of the Court.

I.  Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of New York, Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 29, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II. Plaintiff's Objection

The Objection is lengthy and purports to object to each of Magistrate Judge Wall's recommendations. Although much of the Objection reiterates plaintiff's original arguments, the Court has reviewed the Report de novo. It is not necessary for the Court to address each of plaintiff's arguments, as it is clear that Magistrate Judge Wall correctly determined that (1) the Eleventh Amendment bars suit against state agencies and state employees acting in their official capacities and (2) plaintiff has failed to state a plausible claim to relief against any state employees sued in their individual capacities.

Plaintiff asserts that Magistrate Judge Wall applied the incorrect standard of review to defendants' motion to dismiss, stating that "[t]o the extent that the Magistrate Judge is claiming that [plaintiff has not] provided a preponderance of evidence as to State Defendants violation of [his] 4th, 5th, and 14th Amendment Rights, [he] object[s] . . . [because] all exhibits attached to [his] Complaint, and the Amended Complaint is preponderance of evidence [sic] to support [his] claim." Objection at 7. Magistrate Judge Wall was correct that "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), . . . [a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Therefore, plaintiff must show that the state defendants have consented to suit to avoid dismissal on Eleventh Amendment grounds. See, e.g., id.; Santiago v. Conn. Dep't of Transp., No. 12-CV-132, 2012 WL 5398884, at *4 (D. Conn. Nov. 5, 2012). Plaintiff has failed to do so and does not offer any legal support for his contention that the Eleventh Amendment does not bar his claims. In recommending dismissal of plaintiff's claims against the state defendants sued in their individual capacities, Magistrate Judge Wall again applied the appropriate standard of review to plaintiff's complaint,

3

stating that he did "not require 'heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" Report at 4 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 (2007)). Plaintiff argues that "Cuomo, Berlin and Boyle had an Official and Personal responsibility to ensure that the Plaintiff had an opportunity to present his case before the agency administrative board regarding child support" and that "each defendant in their individual capacity, violated the law, when they clearly knew that the seizure of Plaintiff income fore and illegal arrear [sic] . . . and they willingly and willfully refuse to grant [plaintiff] a hearing on the matter." Objection at 16, 19. Such allegations do not state a plausible claim to relief, as "[t]here is no respondeat superior liability in § 1983 cases," Green v. Bauvi, 46 F.3d 189, 194 (2d Cir. 1995) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)), and plaintiff has failed to allege that any of the state defendants had any involvement in the allegedly wrongful conduct aside from their general supervisory responsibilities.

Plaintiff's objections with respect to the recommended dismissal of his claims under 42 U.S.C. §§ 2000d and 3789d(c) and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, are without merit.

Plaintiff's request for leave to amend his complaint is denied. "[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). The deficiencies in plaintiff's complaint are a consequence of the nature of his claims, not the manner in which they were pleaded, and therefore any amendment would be futile.

III. Conclusion

Accordingly, Magistrate Judge Wall's Report is adopted as an order of the Court. Defendants' motion to dismiss [Docket Entry No. 32] is granted and plaintiff's complaint against the state defendants is dismissed with prejudice.[2]

**SO ORDERED.**

s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 1, 2013
       Central Islip, New York

---

[2] Lee-Young has not moved to dismiss the complaint against her, and therefore the case may not be closed.