UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATHANIEL KEITH WATTY,

                Plaintiff,

        -against-

ANDREW M. CUOMO, et al.,

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-2660 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 1 4 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Background

On May 22, 2012, pro se plaintiff Nathaniel Keith Watty ("plaintiff") commenced this action against various New York State agencies and employees (the "state defendants") and his ex-wife, Ann-Colleith Lee-Young ("Lee-Young"), pursuant to 42 U.S.C. §§ 1983, 1985(3) and 1986, alleging violations of his rights under the Fourth, Fifth and Fourteenth Amendments. [Docket Entry No. 1].[1] Plaintiff filed an amended complaint on June 12, 2012. [Docket Entry No. 7]. On October 10, 2012, the state defendants filed a motion to dismiss plaintiff's complaint. [Docket Entry No. 32]. On March 1, 2013, the Court adopted the Report and Recommendation of Magistrate Judge William D. Wall, dated October 11, 2012, recommending that the state defendants' motion be granted and plaintiff's complaint against the state defendants be dismissed with prejudice. [Docket Entry No. 42].

On April 4, 2013, the Court adjourned a conference scheduled for April 11, 2013 to April 17, 2013. Notice of the conference was mailed to plaintiff at his last known address. Plaintiff

---

[1] Plaintiff later amended his complaint to include New York City Mayor Michael Bloomberg and "motion clerk" Ira Sternberg. [Docket Entry No. 7], but has voluntarily dismissed them from the case. [Docket Entry Nos. 34, 35].

1

failed to appear at the conference on April 17, 2013. The Court thereafter ordered plaintiff to show cause why the complaint against Lee-Young should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure by filing written objections with the Court. [Docket Entry No. 43]. Plaintiff filed an objection on May 21, 2013. [Docket Entry No. 45].

Upon review of plaintiff's objection, the Court determined that it appears to lack subject matter jurisdiction over this case because: (1) no federal question is presented (after the dismissal of the constitutional claims against the state defendants); (2) plaintiff's allegations and the documentation submitted with the amended complaint indicate that the amount-in-controversy with respect to his claims against Lee-Young does not exceed seventy-five thousand dollars ($75,000.00); and (3) adjudication of plaintiff's claims against Lee-Young would require the Court to review and reject a state court judgment, and therefore the Rooker-Feldman doctrine precludes the Court from exercising jurisdiction. [Docket Entry No. 47]. See Mallgren v. Motion Recruitment Partners Inc., No. 13-CV-1054, 2013 WL 1873304, at *3 (E.D.N.Y. May 2, 2013) ("Federal subject matter jurisdiction is available only when a 'federal question' is presented, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.") (citing 28 U.S.C. §§ 1331, 1332); see also Durant, Nichols, Houston, Hodgson, & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."); Town of Southold v. Go Green Sanitation, Inc., --- F. Supp.2d ---, 2013 WL 2565689, at *3 (E.D.N.Y. June 12, 2013) ("Even where the parties do not adequately raise the issue, the district court can inquire sua sponte as to whether subject matter jurisdiction exists."). The Court ordered plaintiff to show cause why the

complaint should not be dismissed for lack of subject matter jurisdiction by filing written objections with the Court, [Docket Entry No.47], and plaintiff filed a response on August 2, 2013, [Docket Entry No. 48] ("Resp.").

For the reasons that follow, the Court lacks subject matter jurisdiction over this case, and the amended complaint is dismissed.

II. Analysis

A. Amount-In-Controversy

In the order to show cause, the Court construed plaintiff's remaining claims as seeking a credit of fifty-one thousand nine hundred twenty-five dollars and sixteen cents ($51,925.16) against his child support obligations to Lee-Young. In his response, plaintiff asserts that this figure does not include (1) seven thousand dollars ($7,000.00) that has already been garnished and (2) "medical and dental expenses that . . . Lee-Young should have reimbursed to [plaintiff] for a period of seven (7) years," Resp. at 4, and that the total amount of child support in dispute is seventy-five thousand one hundred ninety-five dollars and eighty-three cents ($75,195.83), id. at 7. However, even if plaintiff's calculation is correct, it includes approximately seven thousand one hundred five dollars and nineteen cents ($7,105.19) in interest, see id. at 5-7, which may not be included in the calculation of the amount-in-controversy for purposes of determining whether the Court has diversity jurisdiction. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .") (emphasis added). Therefore, the amount of child support at issue here, exclusive of interest and costs, does not exceed seventy-five thousand dollars ($75,000.00).

Plaintiff argues that he is also entitled to compensation for pain and suffering, damage to his reputation, and damage to his credit rating, and demands (1) "[e]quitable, [e]xemplary damages in the amount of $275,000," (2) "[c]ompensatory [damages] in the amount of $300,000," (3) "[p]unitive [damages in the amount of] $500,000," and (4) "[r]emedial damages in the sum of $200,000." Resp. at 4-5. The Court noted in its order to show cause that there does not appear to be any legal or factual basis for these demands, and plaintiff's response has again failed to offer any support for such damages. Plaintiff's demand for punitive and other additional damages, unsupported by the law or the allegations in the amended complaint, is not sufficient to satisfy the amount-in-controversy requirement. See Nwanza v. Time, Inc., 125 F. App'x 346, 348-49 (2d Cir. 2005) (affirming dismissal of case for lack of subject matter jurisdiction despite the plaintiff's claim for punitive damages in excess of the statutory threshold, stating that "[w]hile we customarily interpret a plaintiff's allegations of damages as sufficient to satisfy the amount-in-controversy requirement, we do not do so when it is a 'legal certainty' that the plaintiff cannot recover the damages he seeks"); Zahn v. Int'l Paper Co., 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 98 (2d Cir. 1966) ("[W]ith mounting federal case loads, . . . it has become doubly important that the district courts take measures to discover those suits which ought never to have been brought in the federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount].") (internal quotation marks omitted); Int'l Christian Broad., Inc. v. Koper, No. 12-CV-3570, 2012 WL 5210595, at *3-4 (E.D.N.Y. Oct. 19, 2012) (dismissing complaint for lack of subject matter jurisdiction that

claimed twenty-two thousand dollars ($22,000.00) in actual damages and one hundred thousand dollars ($100,000.00) in punitive damages because the alleged fraud was not directed toward the public, and therefore there was no legal basis for punitive damages); see also, e.g., TVT Records v. Island Def Jam Music Grp., 412 F.3d 82, 94 (2d Cir. 2005) ("[P]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights, but that such damages were recoverable when the breach also involved a particularly egregious fraud that was aimed at the public generally.") (internal quotation marks omitted); Kaddo v. King Serv., Inc., 673 N.Y.S.2d 235, 237 (App. Div. 1998) ("[T]he proper measure of damages is plaintiff's actual pecuniary loss as a result of the fraud, or what is known as the 'out-of-pocket' rule.").

For the foregoing reasons, this case fails to meet the amount-in-controversy requirement for the Court to exercise diversity jurisdiction.

B. Rooker-Feldman Doctrine

The Rooker-Feldman doctrine provides that federal district courts lack subject matter jurisdiction to review final judgments of state courts. Morrison v. City of N.Y., 591 F.3d 109, 112 (2d Cir. 2010). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

On August 3, 2006, the Supreme Court of the State of New York, Nassau County, entered a judgment in plaintiff and Lee-Young's divorce proceedings directing plaintiff to pay child support for his two (2) children. Resp. Ex. 6. On June 4, 2012, plaintiff filed a petition seeking to modify the judgment, and on December 19, 2012, a Support Magistrate of the Family

Court of the State of New York (the "Family Court") determined that plaintiff's "child support obligation shall continue as previously ordered at $645.69 bi-weekly effective December 21, 2012 . . . ." Id. Plaintiff objected to the Support Magistrate's order, raising the same arguments asserted here, i.e., "that the final order fails to reduce his monthly child support payments, by the equivalent of half the amount of medical and dental insurance which should be reimbursed to him by the respondent mother, as per the parties['] divorce judgment." Resp. Ex. 5. The Family Court overruled the objection, stating that, "[i]f in fact [plaintiff] objects to the final order for child support on [this] basis, then . . . [he] must seek redress by making the appropriate application in the proper forum, as indicated by the Support Magistrate in Court on December 19, 2012," referring to the Support Magistrate's notation that both plaintiff and Lee-Young have "a right to seek a modification of the child support order" under certain circumstances. Id.

Plaintiff's claims against Lee-Young are an attempt to challenge the divorce judgment and support order and to reverse the Family Court's denial of his objection to the Support Magistrate's findings. The Court cannot adjudicate these claims without reviewing and rejecting the New York state court orders that established plaintiff's support obligations. See McKnight v. Middleton, 699 F. Supp.2d 507, 515 (E.D.N.Y. 2010) ("The [Rooker-Feldman] doctrine . . . applies when 'the requested federal court remedy of an alleged injury caused by a state court judgment would require overturning or modifying that state court judgment.'") (quoting McNamara v. Kaye, 360 F. App'x 177 (2d Cir. 2009) (summary order)). Therefore, the Rooker-Feldman doctrine precludes the Court from exercising subject matter jurisdiction.

III. Conclusion

For the foregoing reasons, the amended complaint is dismissed. The dismissal is without prejudice to plaintiff's ability to pursue in state court any remedies he may have under New York law with respect to his support obligations to Lee-Young.

The Clerk of Court is respectfully directed to close this case and to serve notice of entry of this Order in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure by mailing a copy of this Order to plaintiff and Lee-Young at their last known addresses. See FED. R. CIV. P. 5(b)(2)(c).

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: August 14, 2013
Central Islip, New York